UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JAMES W. YATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:09-CV-51 |
| ) | (PHILLIPS/GUYTON) |
| V. ) | |
| ) | |
| BECHTEL JACOBS CO, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the order of the District Judge [Doc. 28] referring Plaintiff's Motion for Attorney Fees [Doc. 25] to this Court for report and recommendation.

**I.    BACKGROUND**

Plaintiff James W. Yates filed this action on February 13, 2009, pursuant to the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The Plaintiff sought to recover benefits he claimed were due to him under the Bechtel Jacobs Company Special Accident Insurance Plan, the employee welfare benefit plan provided by Bechtel Jacobs Co., LLC. He moved the Court for entry of a declaration that the Defendants breached their fiduciary duties, responsibilities, and obligations under ERISA, and further, the Plaintiff sought a declaration that he is disabled within the meaning of the Bechtel Jacobs Company Special Accident Insurance Plan. [See Doc. 1].

On March 28, 2011, the District Judge granted in part Plaintiff's Motion for Summary Judgment [Doc. 18]. The District Judge granted the Plaintiff's request for a remand and directed that the plan administrator undertake a "full and fair review," of Plaintiff's disability claim. [Doc. 24 at 2]. The District Judge found that the decision of the administrator Life Insurance Company of America ("LICNA") to deny benefits to the Plaintiff was procedurally unreasonable. [Doc. 24 at 27]. He concluded, however, that the Plaintiff was not clearly entitled to benefits, and thus, the Court directed remand rather than entering a judgment in the Plaintiff's favor. [Doc. 24 at 31]. The decision to remand was based upon conflicting evidence in the record including evidence that the Plaintiff engaged in self-limiting behavior during disability examinations. [Doc. 24 at 28-32].

On April 11, 2011, the Plaintiff filed a Motion for Attorney Fees [Doc. 25] requesting fees in the amount of $16,637.50 plus $365.00 in expenses, pursuant to 29 U.S.C. § 1132(g). The Defendants have responded in opposition. [Doc. 29]. The Court finds that the motion is now ripe for adjudication, and for the reasons stated below, the Court will **RECOMMEND** that the Motion for Attorney Fees [Doc. 25] be **DENIED WITHOUT PREJUDICE**.

II.     ANALYSIS

"In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).

Awarding attorney's fees is appropriate when a party prevails on an ERISA claim. Cattin v. General Motors Corp., 955 F.2d 416, 427 (6th Cir. 1992). The ERISA attorney's fee provision does not limit its application to prevailing parties, but awarding attorney's fees is not appropriate

2

absent "some degree of success on the merits." Ruckelshaus v. Sierra Club, 463 U.S. 680, 694 (1983). Neither "trivial success on the merits" nor a "purely procedural victory" suffices to achieve "some success on the merits." Ruckelshaus, 463 U.S. at 688.

The Plaintiff implies that obtaining a remand of the previous ERISA decision is "some success on the merits." The Plaintiff's claim, however, was not successful on the merits and did not entail an actual benefits determination. Rather, the District Judge remanded the case based on procedural flaws. Defendants assert this procedural remand does not qualify as "some degree of success on the merits." [Doc. 29 at 7]. They argue that the Plaintiff cannot be considered to have achieved a degree of success unless he prevails after further review. [Doc. 29 at 7]. In support of this position, the Defendants describe the District Judge's decision as "strongly" suggesting that the Plaintiff may not be disabled. [Doc. 29 at 7].

In a case cited by both parties, the Supreme Court of the United States recently addressed whether a remand of an ERISA decision constitutes "some success on the merits." Hardt v. Reliance Std. Life Ins. Co., ___ U.S. ___, 130 S.Ct. 2149 (2010). The Court concluded that a remand order could, and in Hardt did, constitute some degree of success on the merits. Id. The Court pointed out that the district court had found "compelling evidence that Ms. Hardt is totally disabled . . . [and] was inclined to rule in Ms. Hardt's favor [but] declined to do so before first giving [the plan administrator] the chance to address the deficiencies in its review." Id. at 2158. Thereafter, the plan administrator awarded Ms. Hardt benefits, and the Court found that Hardt had "achieved far more than 'trivial success on the merits' or a 'purely procedural victory.'" Id. at 2159. The Court specifically declined to decide "whether a remand order, without more, constitutes 'some degree of success on the merits' sufficient to make a party eligible for attorney's fees under § 1132(g)(1)." Id.

3

The decision in Hardt offers little guidance in the instant case. Nonetheless, case law from within this Circuit and this District suggests that a fee petition is not ripe where a court grants a remand order, without more. See McKay v. Reliance Standard Life Ins. Co., 2007 WL 2897870 at *8 (E.D. Tenn. Sept. 28, 2007) (Collier, C.J.); Christoff v. Ohio N. Univ. Employee Benefit Plan, 2010 WL 3958735 (N.D. Ohio Oct. 8, 2010).

The Court has considered the background of this case –specifically, the District Judge's Order– along with the parties' arguments and the applicable statutory provisions and case law, and based upon all of the foregoing, the Court finds that the Plaintiff's request for attorney's fees is not ripe, see McKay, 2007 WL 2897870, at *8. Though the Plaintiff may be entitled to attorney's fees if he prevails on the underlying ERISA claim, the Court finds that the remand decision in this case, without more, does not qualify as success on the merits.

Accordingly, the undersigned will recommend that the Plaintiff's Motion for Attorney Fees be denied, without prejudice, to allow refiling should he prevail on his claim.

## III. CONCLUSION

Based upon the foregoing, the undersigned **RECOMMENDS**[1] that the Court **DENY, WITHOUT PREJUDICE,** Plaintiff's Motion for Attorney Fees **[Doc. 25]**.

Respectfully Submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).